ALLEN *vs.* FISHER, and others.

To an action on a gaol bond, nothing can be pleaded, which might have been
pleaded to the original action, or which existed previous to the rendition of
judgment.

THIS was an action on a gaol bond, taken by the Sheriff of
Windham County, for the liberties of the prison granted to Fisher
and Haviland, two of the defendants, who had been committed on
an execution, in favor of Esther Allen, the plaintiff, on which occa-
sion Fisher and Haviland, as principals, and the other defendants,
as sureties, executed the bond on which the action was brought.
Fisher and Haviland escaped, and the Sheriff, thereupon, assigned
the bond to Allen the creditor.

To the declaration, which is in the common form, the defendants
pleaded, that the plaintiff ought not to have or mantain her said ac-
tion thereof against them the defendants, for that, after the service
of the original process, and before the rendition of judgment, on
which the execution issued for the said sum of $107,46 dam-
ages, and $7,59 costs, and on which the said Fisher and Hav-
iland were committed in manner aforesaid ; the said Fisher for him-
self, and the said Haviland, did pay unto the said Esther Allen, the
plaintiff, to her complete satisfaction, the full value of the note, for
the recovery of which the said process was commenced.  On which
the said Esther Allen, the said note not being then in her possession,
did promise to deliver the said note to the said Haviland, or dis-
charge the same.   And the said Fisher and Haviland, placing full
confidence in the promise and undertaking of her the said Esther,
as aforesaid, did not attend further to defend said action, so com-
menced on said note; and the judgment aforesaid for the sum of
$107,46 damages, and $7,59 costs, was rendered on said
note against the said Fisher and Haviland, by default, in man-
ner aforesaid, contrary to the express agreement of the said Esther,
after the said note had been paid, and satisfied.

To which plea, there was a demurrer and joinder.

*By the Court.*   It is unnecessary to hear arguments in this case.
The plea cannot be supported, either on principle or by precedent ;
it is clearly bad both in form and substance.   There is a total want
of precision in setting forth the facts, and the matter is wholly irre-

Allen
*vs.*
Fisher
et al.

levant, and inadmissible. It can never be permitted to a defendant, after judgment, even on a *scirefacias* to revive the judgment, to plead in his defence, any matter which might have been pleaded to the original action, or which existed previous to the rendition of the judgment, though a Court of equity will in some cases grant relief.

It may be collected from this plea, that Fisher and Haviland were sued by the plaintiff, on a note which she held against them, for what sum is not stated ; that after the service of the writ, and probably before the return, they paid the money, or, as it is stated, the full value of the note, to her complete satisfaction ; the plea does not state what sum was due—what sum was paid, or in what the payment was made ; but that, on receiving payment, the plaintiff promised to deliver up the note, which was not then present, or discharge the same. That, in consequence of this promise, they did not appear to defend in the suit, and judgment, was thereupon obtained on default. If this be true, the defendant might by a proper plea have had a partial relief in this action. If they actually paid any thing to the plaintiff, as alledged, which she had not accounted for, she is still indebted to Fisher and Haviland for the amount, and the defendants might have pleaded it in off-set, in this action. It has been settled in this Court, that, in an action by a creditor against principal and sureties, the defendants may set-off any sum due from the plaintiff to the principal which he might have set-off had the suit been against the principal solely. It was so settled by this Court, on a full examination of principles and authorities, in the case of Brundridge *v.* Whitcomb and others, (ante page 180.) That was, like the present case, an action on a gaol bond, by the creditor, assignee of the Sheriff, against the principal and his surety. The principal was allowed to set off a sum due to him from the plaintiff before the commencement of the action ; it might have been so done in this case, if the facts stated be true, but this matter cannnot be pleaded in bar.

Judgment for the plaintiff.